IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD JUNIOUS HILL, SR., | CV 18-00099-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| PAUL REES, M.D., | |
| Defendant. | |

Plaintiff Richard Hill has filed a request for copies (Doc. 9 at 1) and a Point of Order in Question (Doc. 9 at 2).  He seeks copies of his Complaint (Doc. 2), Motion for Temporary Restraining Order (Doc. 3), and Brief in Support of the Motion for Temporary Restraining Order (Doc. 4).  As Mr. Hill was notified in the Court's Notice of Case Opening copies of documents cannot be provided by the Clerk's Office without a charge of $0.10 per page which must be pre-paid at the time of the request.  (Doc. 5 at 2.)  Mr. Hill is requesting copies of 85 pages and therefore must submit $8.50 to the Clerk's Office to obtain those copies. Alternatively, these documents can be viewed at the public computer terminals available at the Clerk of Court's Offices in Billings, Butte, Great Falls, or

1

Missoula courthouses during the hours the clerk's office is open or from any computer with internet access with a PACER account available through www.pacer.gov.  The request for free copies of Mr. Hill's filings will be denied.

In his "Point of Order in Question," Mr. Hill indicates he filed his Complaint against numerous individuals named in the original filing.  The only Defendant named in the Complaint is Dr. Paul Rees.

The Court also notes that Mr. Hill's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is now moot.  Mr. Hill filed a notice of change of address on November 16, 2018 indicating that he was no longer at Montana State Prison.  (Doc. 10.)  If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Here, Mr. Hill is seeking injunctive relief with regard to the medical care he was receiving at Montana State Prison.  Mr. Hill is no longer incarcerated at Montana State Prison and is currently at the Billings Pre-Release Center.  There does not appear to be an expectation that he will be transferred back to Montana State Prison.  The motion for temporary restraining order and preliminary injunction

2

should be denied as moot.

In light of this recommendation, Defendant need not file a response to Mr. Hill's motion for temporary restraining order and preliminary injunction at this time.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Mr. Hill's Motion for Copies (Doc. 9) to the extent Mr. Hill seeks a free copy of his pleadings is DENIED.

2.  Defendant need not file a response to Mr. Hill's motion for temporary restraining order and preliminary injunction (Doc. 3) at this time.

3.  At all times during the pendency of this action, Mr. Hill must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Hill's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hill may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of January, 2019.

_/s/ John Johnston_____
John Johnston
United States Magistrate

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Hill is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.